IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH MCINTYRE,            :
                            :
                Plaintiff,      :         CIVIL ACTION NO. 21-2808
                            :
     v.                          :
                            :
KEISHA WALLACE, Correctional Officer;   :
JOHN DOE, Correctional Officer; JOSEPH   :
YODIS, Hearing Examiner; LT. H.         :
PATTON, Security Officer; WELL PATH,    :
Medical Provider; and DEPARTMENT OF    :
CORRECTIONS,                   :
                            :
                Defendants.    :

## <u>ORDER</u>

**AND NOW**, this 23rd day of September, 2021, after considering the complaint (Doc. No. 1) and motion for appointment of counsel (Doc. No. 2) filed by the *pro se* plaintiff, Kenneth McIntyre ("McIntyre"); and for the reasons set forth in the court's separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1.     The complaint (Doc. No. 1) is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE** as follows:

         a.     McIntyre's official capacity claims and his claim against the Department of Corrections are **DISMISSED WITHOUT PREJUDICE**;

         b.     McIntyre's claims against John Doe Correctional Officer based on the loss of non-legal property and his claims against Joseph Yodis and Lt. H. Patton based on the way his misconduct charge was investigated, heard, or adjudicated, are **DISMISSED WITH PREJUDICE**; and

c.      McIntyre's access-to-courts claim against John Doe Correctional Officer based on the loss of legal materials and his claim against WellPath are **DISMISSED WITHOUT PREJUDICE**. McIntyre is **GRANTED** leave to file an amended complaint if he can cure the defects that the court has identified in those claims;

2.      McIntyre's claims against Keisha Wallace will proceed;

3.      The clerk of court is **DIRECTED** to **SEND** McIntyre a blank copy of the court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number;[1]

4.      McIntyre shall have **thirty (30) days** from the date of this order to file an amended complaint if he can allege additional facts to state plausible claims against the defendants, Correctional Officer John Doe and WellPath. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for McIntyre's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-2808. If McIntyre files an amended complaint, his amended complaint must be a complete document that includes all the bases for his claims, **including claims that the court has not yet dismissed if he seeks to proceed on those claims**. Claims that are not included in the amended complaint will **not** be considered part of this case. McIntyre may **not** reassert a claim that has already been dismissed with prejudice or the claims that the court has dismissed without prejudice because they are barred by the Eleventh Amendment. When drafting his amended complaint, McIntyre should be mindful of the court's reasons for dismissing his claim as explained in the court's memorandum opinion. Upon the filing of an amended complaint, the clerk of court shall not make service until so ordered by the court;

---

[1] This form is available on the court's website at https://paed.uscourts.gov/documents/forms/frmc1983f.pdf.

5.      If McIntyre does not file an amended complaint, the court will direct service of his initial complaint on the defendant, Keisha Wallace, **only**. McIntyre may also notify the court that he seeks to proceed on his claim against Ms. Wallace only rather than file an amended complaint. If he files such a notice, McIntyre is reminded to include the case number for this case, No. 21-2808;

6.      The time to serve process under Rule 4(m) of the Federal Rules of Civil Procedure is **EXTENDED** to the date 90 days after the court issues summonses in this case if summonses are issued; and

7.      McIntyre's motion for appointment of counsel (Doc. No. 2) is **DENIED WITHOUT PREJUDICE** to McIntyre refiling such a motion along with an amended complaint.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.